# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### MONROE DIVISION

| | |
|---|---|
| TOMMY LEE GIBBS | CIVIL ACTION NO. 3:14-cv-0547 |
|     LA. DOC #102977 | |
| VS. | SECTION P |
| | JUDGE DONALD E. WALTER |
| WARDEN DARRELL VANNOY | MAGISTRATE JUDGE KAREN L. HAYES |

### REPORT AND RECOMMENDATION

*Pro se* petitioner Tommy Lee Gibbs, an inmate in the custody of Louisiana's Department of Corrections, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254 on March 13, 2014. Petitioner attacks his 2005 conviction for possession with intent to distribute cocaine in Louisiana's Fifth Judicial District Court, Richland Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. §2244(d).

### *Statement of the Case*

On June 29, 2005, petitioner was convicted of possession of cocaine with intent to distribute in the Fifth Judicial District Court. On September 7, 2005, he was sentenced to serve twenty-five years at hard labor. [Civil Action No. 3:06-cv-1269, Doc. 1-3, p. 10] Petitioner appealed his conviction to the Second Circuit Court of Appeals; court-appointed appellate counsel argued a single assignment of error – "The trial court erred in allowing into evidence ... the testimony of undercover officers concerning 'other crimes,' specifically the defendant's purported sale of marijuana in 1994." [*Id.*, Doc. 1-3, p. 13]

On June 28, 2006, petitioner's conviction was affirmed by the Second Circuit Court of Appeals. *State of Louisiana v. Tommy Lee Gibbs*, 41,062 (La. App. 2 Cir. 6/28/2006), 935 So.2d 349 [See slip opinion, 3:06-cv-1269 at Doc. 1-3, pp. 20-29]

On July 4, 2006, petitioner's court-appointed appellate counsel provided a copy of the Second Circuit's opinion affirming his conviction.  Counsel also advised petitioner, "It is our duty to advise you that you can file an application for writs to the Louisiana Supreme Court. We will not do so. Indeed, this action by the appellate court ends our work on your behalf. It is our considered professional opinion that such an application would not be granted, based on the consideration of the Supreme Court rules. If you choose to file such an application, you will have to file it within thirty (30) days of the date of the decision. (The date of the decision is June 28, 2006.)" [*Id*., Doc. 1-3, pp. 5-6]

Petitioner  did not immediately seek further review in the Louisiana Supreme Court. [*Id*., at Doc. 1-1, paragraph 9(e)] Nor did he immediately file an application for post-conviction relief. [*Id*., Doc. 1-1, paragraph 10] Instead, on July 24, 2006, petitioner filed a pro se petition for writ of *habeas corpus* in this Court pursuant to 28 U.S.C. §2254.  Therein he raised the following claims: (1) Conviction obtained by the use of coerced confessions; (2) Conviction obtained by a violation of the privilege against self incrimination; (3) Conviction obtained by a violation of the protection against double jeopardy; and, (4) Denial of effective assistance of counsel [*Id*., Doc. 1-1, paragraph 12] On August 22, 2006, the undersigned recommended dismissal of the petition without prejudice because it was clear from the record that petitioner failed to exhaust available state court remedies prior to filing suit. The Report observed that petitioner did not present ANY of his federal *habeas corpus* claims to the Louisiana courts. In addition, petitioner was advised of

2

the 1-year period of limitations for filing *habeas corpus* as set forth in 28 U.S.C. §2244(d). [*Id.*, Doc. 4] On September 1, 2006, petitioner filed a pleading characterized as an objection to the Report and Recommendation. Therein he claimed that he intended to file the *habeas corpus* as a writ application in the United States Supreme Court. [*Id.*, Doc. 5] On October 18, 2006, United States District Judge Robert G. James adopted the Report and Recommendation and ordered dismissal of the petition without prejudice. [*Id.*, Doc. 6]  In July and August 2010 petitioner wrote letters construed as motions seeking to "reopen" or "reinstate" his *habeas* case; he claimed that his mother had retained an attorney to file his writ application in the Louisiana Supreme Court but he claimed that he was unaware of the status of the case. [*Id.*, Docs. 7-9] On August 9, 2010, Judge James denied the motion but instructed the Clerk of Court to provide petitioner with the forms necessary to file a petition for *habeas corpus*. [Id., Doc. 10]

Meanwhile, on some unspecified date, presumably in 2008, given the Docket Number preface,  petitioner, or someone acting on his behalf, filed an application for writs in the Louisiana Supreme Court seeking review of the Second Circuit's decision under Docket Number 41,062-KA. On April 13, 2009, the Supreme Court denied writs without comment. *State of Louisiana ex rel. Tommy L. Gibbs v. State of Louisiana*, 2008-1522 (La. 4/13/2009), 5 So.3d 157.

On March 13, 2014, petitioner filed the instant petition for *habeas corpus*.

According to the pleadings and exhibits, petitioner's family retained counsel, Ms. Anita Tennant-Mack, and she filed an application for post-conviction relief in the Fifth Judicial District Court on September 7, 2007, raising claims of (1) sufficiency of the evidence; (2) improper admission of other crimes evidence; and (3) ineffective assistance of trial counsel. [Doc. 1-2, pp.

2-9] This application was denied on October 25, 2007. [Doc. 1-2, pp. 19- 20] In a letter dated

December 4, 2007, counsel  advised petitioner that she had received a copy of the order denying

post-conviction relief and that she was "... preparing your Writ of Habeas Corpus..." which she

expected would be completed by the end of the following week. She also indicated that she was

attempting to demonstrate good cause for petitioner's failure to timely appeal. [Doc. 1-1, p. 18]

Petitioner acknowledged, and the exhibits establish that his retained post-conviction counsel did

not appeal or seek review of the dismissal of his application. [3:14-cv-0547 at Doc. 1, ¶11]

On June 22, 2011, Ms. Tennant-Mack wrote a letter to petitioner which stated,

I met with you on last year and explained to you that I had completed all of the
work that I was paid to do. Your mother paid me to do a post conviction relief for
you, due to the habeas that you filed pro se having been denied as premature. You
had not exhausted all of your procedural remedies. I did the post conviction, filed
it with the court in Richland Parish and the State answered it and the Judge denied
it. That is all that you hired me to do, as you stated that you wanted to file the
habeas that the inmate lawyer had helped you prepare. In order to help you be in a
correct procedure posture to file your habeas, I reviewed your file and realized that
you never exhausted your state supreme court writs remedy. I then prepared the
writs for you and forwarded them to you with filing instructions and returned all
of your documents to you at the jail. My representation of you concluded at that
point and I returned to employment at the District Attorney's Office in a
neighboring parish. [Doc. 1-1, p. 15]

Petitioner also provided a copy of an undated, unsigned letter which stated, "Here is a motion for

writs of cert to the Supreme Court. This is the document that you wee supposed to file before you

filed your Habeas Corpus, but you filed the wrong one. Your habeas is almost done, but you have

to file this first and once they deny you, then you will get a file stamp date on this and also a file

stamped date on the denial. When you get that give it to Mae and we can put it in your habeas. I

am taking my time on that because you only have one shot at it. You need to mail this in and

when you get a response get it to me."  The document concluded, "Much Love ....." along with

4

the handwritten notice to sign the pleadings and mail them to the La. Supreme Court, 400 Royal

St., New Orleans, LA 70130. [Doc. 1-1, p. 21]

      Petitioner again corresponded with Ms. Tennant-Mack in a letter dated July 1, 2011,

wherein he wrote,

> Referring to your prior correspondence dated December 4, 2007, you were
> supposed to be preparing my Application for Writ of Habeas Corpus for the
> Western District U.S. Court (see the enclosed copy of your prior letter). You
> explain that there will be no additional charge for this. In the second prior letter I
> have enclosed a copy of you state, again, that after I lose in the state Supreme
> Court you will be filing my habeas application. Now, in your recent letter you
> state that you were never paid for, and never were expected to, produce the habeas
> application for the U.S. District Court. Because I expected (reasonably I have to
> say) you to deal with the habeas issue I took no action of my own after my loss at
> the state Supreme Court. Since obviously nothing further was filed in the U.S.
> District Court it would appear that at this point all of my time limits have expired
> and I no longer have any recourse to seek relief. [Doc. 1-1, p. 16]

Ms. Tennant-Mack responded in a letter dated July 17, 2011,

> It appears there was some confusion between us. I met with you and you advised
> me that you were going to use your habeas petition that the inmate lawyer had
> prepared for you, because that petition was going to get you out. That is when we
> decided that I was to do your Post Conviction Relief and your writs to the
> Supreme Court, and you would file the habeas your inmate lawyer prepared. [Doc.
> 1-1, p. 17]


Finally, it appears petitioner complained to the Louisiana Attorney Disciplinary Board about Ms.

Tennant-Mack. In a letter dated March 13, 2012, he was advised that the LADB's investigation

had concluded. According to the letter,

> Ms. Mack was retained in August 2007, and was paid an advanced flat fee of
> $1500.00, to represent you in post-conviction relief proceedings. Ms. Mack filed
> post conviction pleadings in the state district court. Relief was denied. Respondent
> prepared a writ to the state supreme court to correct a procedural issue inherent in
> exhausting state court remedies. The writ sought review of the 2nd Circuit
> decision denying your appeal of your conviction. Ms. Mack did not file the writ
> but mailed a copy to you. Ms. Mack did not continue representing you because

5

she took a position as an assistant district attorney and was precluded by law from representing you...

There is insufficient evidence to establish a violation of the Rules of Professional Conduct by the clear and convincing standard of evidence. [Doc. 1-1, p. 19]

Petitioner filed the instant petition on March 13, 2014. He now asserts the following claims for relief – (1) conviction obtained by use of a coerced confession; (2) conviction obtained by a violation of the privilege against self-incrimination; (3) double jeopardy violation; (4) ineffective assistance of counsel. [Doc. 1]

### *Law and Analysis*

### *1. Limitations – 28 U.S.C. §2244(d)(1)(A)*

Title 28 U.S.C. §2244(d)(1)(A) (as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 or AEDPA) provides a 1-year statute of limitations for the filing of applications for *habeas corpus* by persons, such as petitioner, who are  in custody pursuant to the judgment of a State court.  This limitation period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. §2244(d)(1)(A).[1]

---

[1]Petitioner has not alleged, nor do the exhibits suggest, the existence of any State created impediments to filing. Indeed, it appears that the fault identified by petitioner as the cause of his post-conviction woes, centers upon the acts or omissions of retained post-conviction counsel.

Further, the pleadings and exhibits do not suggest the existence of newly discovered facts. Indeed, with regard to the fault alleged on the part of post-conviction counsel, it appears that petitioner has been aware of those facts since the period between 2011-2012 when he engaged in correspondence with counsel and with the LADB, and, a period well in excess of 1-year has elapsed un-tolled between those dates and the date petitioner filed the instant *habeas corpus* in March 2014.

Petitioner implies that limitations should be reckoned as provided in Section 2244(d)(1)(C), the

The statutory tolling provision of 28 U.S.C. § 2244(d)(2)  provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period.  *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2).  However, any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period  [see *Villegas v. Johnson,* 184 F.3d 467, 472 (5th Cir. 1999), citing *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir.1998)] and, of course, the limitations period is tolled only for as long as the state application remains pending in the state's courts.  *Johnson v. Quarterman*, 483 F.3d 278 (5th Cir. 2007).  Federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

Petitioner appealed his conviction to the Second Circuit Court of Appeals. On June 28, 2006, the Court of Appeals affirmed his conviction and sent notice of judgment to petitioner's court-appointed appellate counsel. *State of Louisiana v. Tommy Lee Gibbs*, 41,062 (La. App. 2

---

date upon which a Constitutional right has been recognized by the Supreme Court and made retroactive to cases on collateral review. In support of this claim he cites *Martinez v. Arizona*, — U.S. —, 132 S.Ct. 1309, 182 L.Ed.2d 272 (March 20, 2012). See Doc. 1-1, p. 7.  *Martinez, supra* and its progeny (see for example, *Trevino v. Thaler*, — U.S. —, 133 S.Ct. 1911 (2013)) recognized that ineffective assistance of counsel at the initial-review collateral attack stage may constitute "cause" to excuse a *habeas* petitioner's procedural default; however, it appears that this line of cases does not apply to the AEDPA's statute of limitations and cannot be invoked to establish eligibility for equitable tolling. *Compare Arthur v. Thomas*, 739 F.3d 611, 631 (11th Cir. 2014) ("Thus, we also hold that the reasoning of the *Martinez* rule does not apply to AEDPA's limitations period in § 2254 cases or any potential tolling of that period.").

Further, even if petitioner could rely on *Martinez* to delay the commencement or interrupt the running of the limitations period, the case was decided almost 2 years before the instant suit was filed.

In other words, it does not appear that petitioner may rely upon tolling as provided in Section 2244(d)(1)(B), (C), or (D).

Cir. 6/28/2006), 935 So.2d 349.  Appellate counsel timely notified petitioner that he would not

seek further direct review and advised petitioner that he had 30 days from June 28 to file a timely

petition for *certiorari* in the Louisiana Supreme Court. [No. 3:06-cv-1269, Doc. 1-3, pp. 5-6] As

previously noted, petitioner, instead of applying for *certiorari* filed his first *habeas corpus*

petition in this Court.

 Pursuant to Supreme Court Rule X, §5(a), petitioner had 30 days following the Second

Circuit's mailing of notice of judgment within which to timely petition the Supreme Court for

further direct review, or, until on or about July 28, 2006.  Therefore, petitioner's judgment of

conviction "... became final by ... expiration of the time for seeking [further direct]  review..."

under 28 U.S.C. §2244(d)(1)(A) when the 30-day period for seeking further direct review

pursuant to Louisiana Supreme Court Rule X, §5(a) expired on July 28, 2006.  *Compare Butler v.*

*Cain*, 533 F.3d 314, 317 (5th Cir. 2008).[2]

---

 [2] In *Butler*, the Fifth Circuit analyzed a similar scenario and concluded: "Louisiana
Supreme Court Rule X, § 5(a) states that an application 'to review a judgment of the court of
appeal either after an appeal to that court ... or after a denial of an application, shall be made
within thirty days of the mailing of the notice of the original judgment of the court of appeal.'
[The] time for seeking further review of his state conviction expired when he did not within
thirty days of the Louisiana Court of Appeal's ...  decision, challenge that decision in the state
Supreme Court.") Furthermore, it does not appear that petitioner either sought an extension of
time from the Supreme Court, or permission to file an out-of-time writ application. *Compare
Gilmore v. Baronne Development, LLC*, 2001-1104 (La. 5/4/2001), 791 So.2d  647; *see also
Butler*, 533 F.3d at 319 (" ... there is no indication that the state court granted an extension or
otherwise waived its own rule as to Butler. Butler did not even request an extension of time to
file his late direct review application. He has not claimed that he received a letter from that court
allowing a late filing such as did the defendant in *Hill v. Cooper*, 2007 WL 458207, No. 04-2588
(E.D.La.2007). We are not aware of any case in which the Louisiana Supreme Court *sua sponte*
extended the amount of time in which to file under Rule X, § 5(a). *Contra Hughes*, 249
Fed.Appx. at 341 (Hughes requested and received an extension under § 5(b)); *McGee v. Cain*,
104 Fed.Appx. 989 (5th Cir.2004) (unpublished) (requested and did not receive an extension
under § 5(a)); *Hill*, 2007 WL 458207 at *2 (requested and did receive an extension – unclear
what basis). We conclude that the Louisiana Supreme Court found Butler's application for

Thereafter, since petitioner's judgment of conviction became final under the AEDPA on July 28, 2006, petitioner  had 1-year, or until July 28, 2007, to file his federal *habeas corpus* petition.  Petitioner's federal *habeas corpus* petition, filed in March 2014, is clearly time-barred unless he can establish that he is entitled to either statutory tolling pursuant to Section 2244(d)(2) or equitable tolling.

### 2. Statutory Tolling

Petitioner cannot rely on the tolling provision of §2244(d)(2). As noted above, he filed his first federal petition on July 24, 2006, and it remained pending until October 18, 2006. See Civil Action No. 3:06-cv-1269. However this federal suit was not a "... State post-conviction or other collateral review..." in the Louisiana courts and therefore could not serve to toll limitations under the AEDPA.  *See Duncan v. Walker*, 533 U.S. 167, 173, 121 S.Ct. 2120, 2125, 150 L.Ed.2d 251 (2001) (Congress did not intend properly filed applications for federal *habeas corpus* review to toll the limitation period pursuant to Section 2244(d)(2).)[3]

Nor could he rely on his short lived application for post-conviction relief filed in the Fifth Judicial District Court since that pleading was filed on September 7, 2007, and by that time the limitations period had already expired.

---

further review of his conviction to be untimely.")

While it appears that petitioner ultimately filed a pleading in the Louisiana Supreme Court seeking review of the Second Circuit's judgment on direct appeal, it is clear that this pleading, was filed way beyond the 30 day deadline of Rule X.

[3] Of course, even if petitioner were afforded the benefits of tolling during the pendency of his first *habeas corpus* petition, a period in excess of 1-year elapsed between the date the petition was dismissed, October 18, 2006 and the date petitioner filed the instant petition, March 13, 2014.

9

### 3. Equitable Tolling

The AEDPA's one-year statute of limitations can, in rare and exceptional circumstances, be equitably tolled. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998).  However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quotation marks omitted). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir.2006).  "To be entitled to equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336,  127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)).

As previously noted, petitioner faults his retained counsel claiming that she misled him with regard to her duties and promises to pursue post-conviction relief on behalf of petitioner. However, even if petitioner were afforded the benefits of equitable tolling from the date of conviction, his petition would be time-barred. As previously noted, petitioner and Ms. Tennant-Mack remained in contact off and on during the period from December 4, 2007 [Doc. 1-1, p. 18] through July 17, 2011 [Doc. 1-1, p. 17].  He was certainly aware that "... there was some confusion..." between he and Ms. Tennant-Mack. [*Id*] Nevertheless, he allowed a period of more than 2 ½ years to elapse between the date of counsel's last letter and the date he filed the instant petition. Further, even if petitioner were afforded equitable tolling from the date of conviction up

to March 13, 2012, the date that the LADB rejected his complaint and terminated their
investigation of Ms. Tennant-Mack [Doc. 1-1, p. 19], a period of 2 years elapsed before he filed
the instant suit.

Petitioner is clearly not entitled to equitable tolling, however, even if he were to be
afforded this benefit, his current petition would still be time-barred.

### Conclusion and Recommendation

Therefore,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DISMISSED WITH
PREJUDICE**  because petitioner's claims are barred by the one-year limitation period codified
at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved
by this recommendation have fourteen (14) days from service of this report and recommendation
to file specific, written objections with the Clerk of Court.  A party may respond to another
party's objections within fourteen (14) days after being served with a copy of any objections or
response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the
proposed legal conclusions reflected in this Report and Recommendation within fourteen
(14) days following the date of its service, or within the time frame authorized by
Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or
the legal conclusions accepted by the District Court, except upon grounds of plain error.
*See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States

District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties  may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** See 28 U.S.C. §2253(c)(2).  **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

In chambers, Monroe, Louisiana, April 8, 2014.

**KAREN L. HAYES**
**UNITED STATES MAGISTRATE JUDGE**

12